DAVID A. PRENTICE, County Counsel #144690
DOUGLAS W. NELSON, Assistant County Counsel #72087
DAVID L. HERMAN, Deputy County Counsel #216469
COUNTY OF MADERA
Madera County Counsel
200 West 4th Street
Madera, California 93637
Telephone: (559) 675-7717
Facsimile:   (559) 675-0214

Attorneys for Defendants,
ROBERT CHIMKEY, MARK CLARK
AND JASON NOBLETT

IN THE UNITED STATES DISTRICT COURT

FOR EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ROBLES, | Case No.: 1:06-cv-1702 AWI WMW P |
| Plaintiff, | **DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SUMMARY JUDGMENT (Fed. R. Civ. P. 56)** |
| v. | |
| ROBERT CHIMKEY, et al, | Date: October 5, 2009 |
| Defendants. | Time: 1:30 p.m. |
| | Courtroom: 2 |

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Arthur Robles is a prisoner now in the custody of the California Department of Corrections and Rehabilitation. Plaintiff alleges that on December 23, 2005, while incarcerated in the Madera County Jail awaiting trial, he was injured by being physically assaulted by Defendants Robert Chimkey, Jason Noblett, and Mark Clark, all of whom were (and are) correctional officers of the County of Madera.[1] Plaintiff brought suit under 42 U.S.C. section 1983, alleging that Defendants used excessive force against him. Defendants now move for summary judgment, on the grounds that they are entitled to qualified immunity as their use of force was reasonable under the circumstances, and also on the grounds that Plaintiff had not exhausted his administrative remedies before filing suit.

---

[1] After being convicted of various felony offenses and sentenced to a lengthy prison term, Plaintiff was transferred from the County Jail to a California state prison on June 6, 2007.

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT (Fed. R. Civ. P. 56)

## II. STANDARDS OF REVIEW FOR MOTIONS FOR SUMMARY JUDGMENT

A defendant may at any time move for summary judgment in its favor as to all or part of a complaint. (Fed. R. Civ. P. 56(b).) A motion for summary judgment shall be granted when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." (Fed. R. Civ. P. 56(c).) The moving party has the initial burden of establishing the absence of any genuine issue of material fact and its entitlement to judgment as a matter of law. (Fed. R. Civ. P. 56(e).) If the non-moving party has the burden of proof at trial, then the moving party does not have to negate its opponent's claims and only has to show to the court that the non-moving party's case has no supporting evidence. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).) Plaintiff, as the non-moving party, must set forth specific facts to show the existence of a genuine issue for trial. (Fed. R. Civ. P. 56(e).) To establish a genuine issue of material fact, Plaintiff must sufficiently show each essential element of his claim. (*Celotex Corp. v. Catrett, supra*, 477 U.S. at pp. 322-323.)

## III. STANDARDS OF REVIEW FOR EXHAUSTION OF ADMINISTRATIVE REMEDIES

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (42 U.S.C. § 1997e(a).) A prisoner-grievant must use all steps that the prison or jail holds out, so that the merits of the prisoner's issue can be examined. (*Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2008).) Exhaustion is required even if the requested remedy (usually, monetary damages) is not available through the grievance process, or if the available administrative remedy is plain, speedy, or effective. (*Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Bovarie v. Giurbino*, 421 F.Supp.2d 1309, 1312 (S.D. Cal. 2006).)

///

///

## IV. STANDARDS OF REVIEW FOR QUALIFIED IMMUNITY

Qualified immunity protects public officers, such as Defendants, from civil liability if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (*Pearson v. Callahan*, 555 U.S. __, 129 S.Ct. 808, 815 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).) To analyze whether Defendants are entitled to qualified immunity, the court must determine whether the facts alleged or shown by Plaintiff indicate a violation of a constitutional right, and whether the right of Plaintiff was clearly established at the time of Defendants' alleged misconduct. (*Saucier v. Katz*, 533 U.S. 194 (2001).)[2] Defendants are entitled to qualified immunity unless their conduct violated a clearly established constitutional right. (*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).)

## V. DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY BECAUSE CLEARLY ESTABLISHED LAW SHOWS THAT THEIR USE OF FORCE DID NOT VIOLATE PLAINTIFF'S FOURTH AMENDMENT RIGHTS

Plaintiff alleges that Defendants used excessive force against him while Plaintiff was in the Madera County Jail awaiting trial. The Fourth Amendment's restrictions on unreasonable searches and seizures control the issue of alleged excessive force used on pretrial detainees. (*Lolli v. County of Orange*, 351 F.3d 410, 415-416 (9th Cir. 2003).) Under the Fourth Amendment, the issue is whether Defendants' use of force was "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." (*Graham v. Connor*, 490 U.S. 386, 397 (1989).)

---

[2] In *Pearson v. Callahan, supra*, the Supreme Court retreated from its earlier holding in *Saucier* that the inquiry into whether a plaintiff's constitutional right had been violated must precede the inquiry into whether the right was clearly established at the time of the alleged violation. Today, a court reviewing a defendant-official's claim of qualified immunity may elect to first examine the issue of whether the constitutional right was clearly established.

As of December 23, 2005, Plaintiff was housed in the administrative-segregation module of the County Jail, which is reserved for inmates who are violent toward other inmates or officers, who are escape risks, or who are otherwise severely disruptive. (Undisputed Material Facts (UMF) Nos. 1 and 2.) Plaintiff was known to the County Jail staff to be a gang member charged with various violent crimes, and who was hostile to correctional officers. (UMF No. 3.) Before December 23, 2005, Plaintiff had been cited for various disciplinary infractions, such as assaulting officers; flooding his cell; breaking windows and fire sprinklers; making, possessing, and being under the influence of "pruno" (alcoholic beverages illicitly made by the inmates); swearing at and making sexual gestures toward female officers; and urinating through the voice-vent of another inmate's cell door. (UMF No. 3.)

Because of Plaintiff's behavior, he was required to be shackled hand-and-foot when leaving his housing module at the County Jail, to be escorted separately from other inmates, and to be escorted by at least two officers, even for such matters as a medical examination. (UMF Nos. 4, 5, and 6.) As a result, Defendants Chimkey and Noblett made sure to shackle Plaintiff and to examine his cell for items Plaintiff was not allowed to have, such as "pruno." (UMF Nos. 7, 8, 9, and 10.) Plaintiff did not care for officers searching his cell and resisted Defendants Chimkey and Noblett, even going so far as to grab Defendant Chimkey's arm, and squat down to make it difficult for Defendants Chinkey and Noblett to move him out of his cell. (UMF Nos. 11, 12, 13, 14, and 15.)

As a result of Plaintiff's behavior, Defendants Chimkey and Noblett placed Plaintiff on the floor of the jail housing module for their own safety. (UMF No. 16.) Once he was on the floor, Plaintiff stopped struggling. (UMF No. 17.) Defendants did not slam Plaintiff to the ground or cause him any injury. (UMF Nos. 22, 24.) In fact, Defendant Clark did not participate in the search of Plaintiff's cell, but instead arrived after Defendants Chimkey and Noblett had removed Plaintiff from his cell, and helped Plaintiff to his feet and into another

cell. (UMF No. 18.) Furthermore, Plaintiff told another correctional officer that he had not been injured by Defendants and refused medical attention. (UMF Nos. 19, 21.) Plaintiff had contraband in his cell, including a homemade weapon. (UMF No. 21.) Several officers, including Defendants Chimkey and Noblett, wrote incident reports describing Plaintiff's behavior. (UMF No. 23.)

Defendants challenged all of Plaintiff's assertions in his complaint through one set of requests for admissions addressed to Plaintiff. Plaintiff did not respond at all to any of the requests for admissions sent to him, either to admit or deny, and therefore the requests for admission must be deemed to be admitted by Plaintiff as true. (See UMF Nos. 1, 3, 9, 11, 12, 19, 20, and 24; Fed. R. Civ. P. 36(a)(3).) Thus, Plaintiff has admitted that he was a constant disciplinary problem for MCDOC staff because of his various actions such as "pruno" possession and consumption, assaulting officers, flooding his cell, and the like, and that Plaintiff suffered no injuries as a result of Defendants' actions. (UMF No. 3.)

In light of the facts and circumstances confronting them, namely an inmate who was known to be violent, disruptive, and a possessor of contraband, Defendants Chimkey and Noblett used the amount of force that would be reasonable under the circumstances, which was less than the excessive force that Plaintiff claims but cannot prove. Their actions were objectively reasonable under the circumstances, and their actions did not violate Plaintiff's constitutional rights. There is no evidence to support Plaintiff's claim that he was "slammed" to the ground by any of the Defendants, or that any of the Defendants acted maliciously or sadistically to cause pain to Plaintiff. Therefore, Defendants are entitled to qualified immunity.

///

///

///

///

### VI. PLAINTIFF'S COMPLAINT IS NOT RIPE FOR JUDICIAL REVIEW; PLAINTIFF FILED SUIT WHILE THE ADMINISTRATIVE REVIEW OF HIS GRIEVANCE WAS ONGOING

Plaintiff alleges that he had exhausted his administrative remedies before filing the Complaint because he had filed a citizen's complaint. (Complaint, Part II, Section C; UMF No. 25.) However, the MCDOC did not complete its administrative review until May 3, 2007. (UMF No. 26.) Plaintiff did not file the Complaint until November 22, 2006, while the MCDOC evaluation of Plaintiff's grievance was still ongoing. (UMF No. 27.)

Because Plaintiff is required to exhaust his administrative remedies before filing suit, and yet filed suit before his remedies were exhausted, summary judgment should be granted for Defendants as Plaintiff's suit is not ripe.

### VII. CONCLUSION

For the reasons stated above, Defendants are entitled to summary judgment.

DATED: August 24, 2009

DAVID A. PRENTICE
County Counsel

By: /s/ 
DAVID L. HERMAN, Deputy
Attorneys for Defendants
ROBERT CHIMKEY, MARK CLARK
AND JASON NOBLETT

S:\County Counsel\Litigation\Robles (Fed 1983 claim)\Pleadings\MSJ and notice.docx

**PROOF OF SERVICE**
(Code Civ. Proc. Secs. 1013a, 2015.5)

1. I do hereby declare that I am a citizen of the United States, employed in the County of Madera, over 18 years old, and that my business address is 200 West 4th Street, Madera, California 93637. I am not a party to the within action.

2. I served the foregoing **DEFENDANTS' POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMARY JUDGMENT (Fed. R. Civ. P. 56)** Case No. 1:06-cv-1702 AWI WMW P on the persons named below by enclosing a true copy thereof in a sealed envelope addressed as shown below AND

____   depositing said envelope(s) with the United States Postal Service with the postage thereon fully prepaid.

__X__   placing said envelope(s) for collection and mailing on the date and at the place shown in item 3 following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

3.  a.  Date of Deposit:   August 24, 2009

    b.  Place of Deposit:  Madera, California

**NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED:**

Arthur Robles
F75706
Wasco State Prison
PO Box 7700
Wasco, CA 93280

Arthur Robles
F75706
Salinas Valley State Prison
PO Box 1050 A4-132
Soledad, CA 93960

I declare under penalty of perjury that the foregoing is true and correct and that this document was executed at Madera, California, on the 24th day of August, 2009.

/s/ David L. Herman
DAVID L. HERMAN