1  DAVID A. PRENTICE (State Bar No. 144690)
   County Counsel
2  DOUGLAS W. NELSON (State Bar No. 72087)
   Assistant County Counsel
3  DAVID L. HERMAN (State Bar No. 216469)
   Deputy County Counsel
4  COUNTY OF MADERA
   Madera County Counsel
5  200 West 4th Street
   Madera, California  93637
6  Telephone No. (559) 675-7717
   Facsimile No. (559) 675-0214

7  Attorney for Defendants,
   ROBERT CHIMKEY, et al.
8

9

10            IN THE UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORINA

12  ARTHUR ROBLES,                        )  Case No.  1:06-CV-1702 AWI WMW (PC)
                                          )
13            Plaintiff(s)                )  **SEPARATE STATEMENT OF**
                                          )  **UNDISPUTED MATERIAL FACTS IN**
14      vs.                               )  **SUPPORT OF DEFENDANTS' MOTION**
                                          )  **FOR SUMMARY JUDGMENT**
15  ROBERT CHIMKEY, JASON NOBLETT,        )  **(Fed. R. Civ. P. 56; Local Rule 56-260)**
    and MARK CLARK,                       )
16                                        )  Date:  October 5, 2009
              Defendant(s)                )  Time:  1:30 p.m.
17  _____)  Courtroom:  2

18

19        Defendants ROBERT CHIMKEY, JASON NOBLETT, and MARK CLARK submit the

20  following Separate Statement of Undisputed Material Facts in support of Motion for Summary

21  Judgment.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

# UNDISPUTED MATERIAL FACTS

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On December 23, 2005, Plaintiff Arthur Robles was incarcerated in the Madera County Jail. | 1. Complaint, Section IV, attached as Exhibit "A," to Declaration of David L. Herman. |
| 2. On December 23, 2005, Plaintiff was housed in Module "E" of the Madera County Jail, which is the housing module for inmates who are violent, escape risks, or otherwise frequently noncompliant with the Jail rules. | 2. Complaint, Section IV; Declaration of Robert Chimkey, paras. 5 and 7; Declaration of Jason Noblett, paras. 5 and 7. |
| 3. Plaintiff was housed in Module E because of his history of assaulting correctional officers, using profanity and making sexual gestures toward female officers, breaking windows and fire sprinklers, flooding his cell, possessing and consuming illegal inmate-manufactured alcohol ("pruno"), and urinating through the voice vent of another inmate's cell door. | 3. Defendants' First Set of Requests for Admission to Plaintiff, Requests 1-28 and 44-46, attached as Exhibit "B," to Declaration of David L. Herman which are deemed admitted due to Plaintiff's failure to respond to Defendants (Fed. R. Civ. P. 36(a)(3)); Declaration of Mark Clark, para. 9. |
| 4. Plaintiff was subject to a "two-man" policy requiring at least two officers to escort Plaintiff whenever Plaintiff was moved around within the Madera County Jail. | 4. Declaration of Robert Chimkey, paras. 6 and 7; Declaration of Jason Noblett, paras. 6 and 7. |
| 5. On December 23, 2005, Plaintiff was scheduled to go to the X-ray clinic in the Madera County Jail for an examination. | 5. Declaration of Robert Chimkey, para. 4; Declaration of Jason Noblett, para. 4; Declaration of Mark Clark, para. 4. |
| 6. Plaintiff was required to be placed in handcuffs and leg cuffs with connecting belly chain whenever he was moved within the Madera County Jail. | 6. Declaration of Robert Chimkey, para. 9. |
| 7. Defendants Robert Chimkey and Jason Noblett went to Plaintiff's cell to transport him to the X-ray clinic. | 7. Declaration of Robert Chimkey, para. 7; Declaration of Jason Noblett, para. 4. |
| 8. Defendant Noblett began to place handcuffs, leg cuffs and belly chains on Plaintiff before removing Plaintiff from his cell. | 8. Declaration of Robert Chimkey, para. 7; Declaration of Jason Noblett, para. 4. |
| 9. Defendant Chimkey smelled "pruno" in Plaintiff's cell and saw extra clothing and linen in Plaintiff's cell, which Plaintiff was not allowed to have. | 9. Declaration of Robert Chimkey, para. 4; Defendants' First Set of Requests for Admission to Plaintiff, Requests 48-50, attached as Exhibit "B," to Declaration of David L. Herman, which are deemed admitted due to Plaintiff's failure to respond to Defendants (Fed. R. Civ. P. 36(a)(3)). |

| | |
|---|---|
| 10. Because of Plaintiff's history of disciplinary problems, including "pruno" possession and manufacture, Plaintiff's cell was frequently searched. | 10. Declaration of Mark Clark, para. 9. |
| 11. Defendant Chimkey ordered Plaintiff to step aside so Defendant Chimkey could search Plaintiff's cell for contraband. | 11. Declaration of Robert Chimkey, para. 4; Defendants' First Set of Requests for Admission to Plaintiff, Request 51, attached as Exhibit "B," to Declaration of David L. Herman, which is deemed admitted due to Plaintiff's failure to respond to Defendants (Fed. R. Civ. P. 36(a)(3)). |
| 12. Plaintiff refused to obey Defendant Chimkey's orders to step aside while Defendant Chimkey searched his cell. | 12. Declaration of Robert Chimkey, para. 4; Defendants' First Set of Requests for Admission to Plaintiff, Request 51, attached as Exhibit "B," to Declaration of David L. Herman, which is deemed admitted due to Plaintiff's failure to respond to Defendants (Fed. R. Civ. P. 36(a)(3)). |
| 13. When Defendant Chimkey tried to move Plaintiff by placing his hand on Plaintiff's shoulder, Plaintiff grabbed Defendant Chimkey's arm. | 13. Declaration of Robert Chimkey, para. 15. |
| 14. Defendant Noblett called for backup assistance and Defendant Clark and other officers responded. | 14. Declaration of Robert Chimkey, para. 15; Declaration of Jason Noblett, para. 15; Declaration of Mark Clark, para. 11; Declaration of John E. Fisher, para. 3. |
| 15. Defendants Chimkey and Noblett moved Plaintiff out of his cell while Plaintiff physically struggled with them by trying to squat on the ground. | 15. Declaration of Robert Chimkey, para. 16; Declaration of Jason Noblett, paras. 13 and 14. |
| 16. Defendants Chimkey and Noblett, but not Defendant Clark, placed Plaintiff face down on the floor of Module E for their safety. | 16. Declaration of Robert Chimkey, para. 17; Declaration of Jason Noblett, para. 16. |
| 17. Once on the floor of Module E, Plaintiff stopped resisting. | 17. Declaration of Robert Chimkey, para. 17; Declaration of Mark Clark, para. 13. |
| 18. Defendant Clark and another officer helped Plaintiff to his feet. | 18. Declaration of Mark Clark, para. 13; Declaration of John E. Fisher, para. 5. |
| 19. Plaintiff was questioned by Sergeant Fisher and said he was unhurt and did not need medical attention. | 19. Declaration of John E. Fisher, para. 6; Defendants' First Set of Requests for Admission to Plaintiff, Request 55, attached as Exhibit "B," to Declaration of David L. Herman, which is deemed admitted due to Plaintiff's failure to respond to Defendants (Fed. R. Civ. P. 36(a)(3)). |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 20. Plaintiff did not seek medical attention for any neck or back injuries after December 23, 2005. | 20. Defendants' First Set of Requests for Admission to Plaintiff, Request 56, attached as Exhibit "B," to Declaration of David L. Herman, which is deemed admitted due to Plaintiff's failure to respond to Defendants (Fed. R. Civ. P. 36(a)(3)). |
| 21. Defendants Chimkey and Noblett and Officer Gil searched Plaintiff's cell after Plaintiff had been moved, and found a paper clip with one end sharpened to a point for possible use as a weapon. | 21. Declaration of Jason Noblett, para. 17. |
| 22. None of the Defendants grabbed Plaintiff by the neck or slammed Plaintiff to the ground. | 22. Declaration of Robert Chimkey, para. 19; Declaration of Jason Noblett, para. 19; Declaration of Mark Clark, para. 15. |
| 23. Defendants Chimkey and Noblett and other officers wrote incident reports describing what had happened. | 23. Declaration of Robert Chimkey, para. 18; Declaration of Jason Noblett, para. 18; Declaration of John E. Fisher, para. 7. |
| 24. Plaintiff's back injuries were not caused by Defendants, but were caused by injuries suffered by Plaintiff at the time of his arrest while resisting arrest. | 24. Defendants' First Set of Requests for Admission to Plaintiff, Request 58, attached as Exhibit "B," to Declaration of David L. Herman, which is deemed admitted due to Plaintiff's failure to respond to Defendants (Fed. R. Civ. P. 36(a)(3)). |
| 25. On January 27, 2006, Plaintiff filed a Citizen's Complaint against Defendants Chimkey and Noblett, alleging that he was physically abused by Defendants Chimkey and Noblett and hurt his back. | 25. Declaration of Douglas Papagni, para. 5. |
| 26. The investigation of Plaintiff's administrative complaint was not completed until May 3, 2007. | 26. Declaration of Douglas Papagni, para. 6. |
| 27. Plaintiff filed his complaint with the Court on November 22, 2006. | 27. Complaint, Page 1, attached as Exhibit "A," to Declaration of David L. Herman. |

DATED: _August 24_, 2009

Respectfully submitted,

DAVID A. PRENTICE
County Counsel

By: _____

DAVID L. HERMAN
Deputy County Counsel

S:\County Counsel\Litigation\Robles (Fed 1983 claim)\Pleadings\MSJ seperate statement of facts FINAL.doc

**PROOF OF SERVICE**

(Code Civ. Proc. Secs. 1013a, 2015.5)

1. I do hereby declare that I am a citizen of the United States, employed in the County of Madera, over 18 years old, and that my business address is 200 West 4th Street, Madera, California 93637. I am not a party to the within action.

2. I served the foregoing **SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDMGENT (Fed. R. Civ. P. 56)** Case No. 1:06-cv-1702 AWI WMW P on the persons named below by enclosing a true copy thereof in a sealed envelope addressed as shown below AND

_____    depositing said envelope(s) with the United States Postal Service with the postage thereon fully prepaid.

__X__    placing said envelope(s) for collection and mailing on the date and at the place shown in item 3 following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

3.    a.    Date of Deposit:        August 24, 2009

      b.    Place of Deposit:        Madera, California

**NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED:**

Arthur Robles                          Arthur Robles
F75706                                 F75706
Wasco State Prison                     Salinas Valley State Prison
PO Box 7700                            PO Box 1050 A4-132
Wasco, CA 93280                        Soledad, CA 93960

I declare under penalty of perjury that the foregoing is true and correct and that this document was executed at Madera, California, on the 24th day of August, 2009.

/s/ David L. Herman