# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ROBLES, | CASE NO. 1:06-cv-01702-AWI-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 37) |
| ROBERT CHIMKY, et al., | OBJECTIONS DUE WITHIN 30 DAYS |
| Defendants. | |

Plaintiff Arthur Robles ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's original complaint, filed on November 22, 2006. (Doc. #1.) On August 24, 2009, Defendants filed a motion for summary judgment. (Doc. #37-45.) On September 28, 2009, Plaintiff filed an opposition. (Doc. #47.) For the reasons stated below, the Court finds that Defendants are entitled to qualified immunity and recommends that their motion for summary judgment be granted.

**I.    Motion for Summary Judgment**

    **A.    Summary Judgment Legal Standards**

Defendants argue that they are entitled to summary judgment because they are entitled to qualified immunity and because Plaintiff has not exhausted his administrative remedies before filing suit. A defending party may move for summary judgment on all or part of a claim. Federal Rule of Civil Procedure 56(b). A party moving for summary judgment is entitled to judgment in their favor if they demonstrate that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). The moving party "bears the

1

initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**B.**     **Undisputed Facts**

Defendant's evidence in support of their motion for summary judgment includes an authenticated copy of a request for admissions, sent to Plaintiff on May 11, 2009. (Decl. of David L. Herman in Supp. of Defs.' Mot. for Summ. J., Ex. B.) Plaintiff did not respond to Defendants' request for admissions. Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Federal Rule of Civil Procedure 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." Conlon v. U.S., 474 F.3d 616, 621 (9th Cir. 2007) (citing O'Campo v. Hardisty, 262 F.2d 621, 624 (9th Cir. 1958)).

Some of the facts deemed to be admitted in Defendants' favor by operation of Rule 36 are inconsistent with the facts alleged by Plaintiff in his complaint. For example, Plaintiff alleges in his complaint that all three defendants slammed Plaintiff to the ground, causing injury. (Compl. 3.) Defendants requested that Plaintiff admit that he was not thrown to the floor by Defendants, and to admit that he did not suffer any physical injuries while being removed from his cell on December 23, 2005. (Decl. of David L. Herman, Ex. B at 6.) Although the admissions are inconsistent with the allegations in Plaintiff's complaint, which Plaintiff presumably has personal knowledge of and could testify to, Plaintiff cannot rebut a Rule 36 admission with evidence that is inconsistent with the admission. 999 v. C.I.T. Corp., 776 F.2d 866, 869-70 (9th Cir. 1985).

Rule 36(b) provides that matters admitted under Rule 36(a) can be withdrawn. However, Rule 36(b) expressly states that it only operates "on motion" by a party. Plaintiff has not moved to have the admissions withdrawn. Thus, the Court will not sua sponte withdraw Plaintiff's

admissions. The matters addressed in Defendants' request for admission will be deemed admitted by Plaintiff for the purpose of ruling on Defendants' motion for summary judgment.

Further, Local Rule 260(b) provides:

> Any party opposing a motion for summary judgment . . . shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

Plaintiff's opposition did not reproduce Defendants' Statement of Undisputed Facts and did not deny any of the facts that Defendants present as undisputed. Plaintiff's opposition does not otherwise challenge Defendants' version of the facts.

The Court treats Defendants' version of the facts as undisputed:

1. On December 23, 2005, Plaintiff was incarcerated in the Madera County jail.
2. Plaintiff was housed in Module "E", a housing module used for inmates who are violent, escape risks, or otherwise noncompliant with jail rules.
3. Plaintiff was housed in Module E due to a history of assaulting correctional officers, using profanity, making sexual gestures toward female officers, breaking windows and fire sprinklers, flooding his cell, possessing and consuming illegal inmate-manufactured alcohol ("pruno"), and urinating through the voice vent of another inmate's cell door.
4. Plaintiff was subject to a "two-man" policy requiring at least two officers to escort Plaintiff whenever Plaintiff was moved within the jail.
5. On December 23, 2005, Plaintiff was scheduled to go to the x-ray clinic in the jail for an examination.
6. Plaintiff was required to be placed in handcuffs and leg cuffs with a connecting belly chain whenever he was moved within the jail.
7. Defendants Robert Chimkey and Jason Noblett went to Plaintiff's cell to transport him to the x-ray clinic.
8. Noblett began to place Plaintiff in handcuffs, leg cuffs, and belly chains to be removed from his cell.

9. Chimkey smelled pruno in Plaintiff's cell and saw extra clothing and linen in Plaintiff's cell that Plaintiff was not allowed to have.
10. Plaintiff's cell was frequently searched because of Plaintiff's history of disciplinary problems.
11. Chimkey ordered Plaintiff to step aside so Plaintiff's cell could be searched for contraband.
12. Plaintiff refused to obey Chimkey's orders to step aside while his cell was searched.
13. When Chimkey tried to move Plaintiff by placing his hand on Plaintiff's shoulder, Plaintiff grabbed Chimkey's arm.
14. Noblett called for backup assistance and Defendant Clark and other officers responded.
15. Chimkey and Noblett moved Plaintiff out of his cell while Plaintiff physical struggled with them by trying to squat on the ground.
16. Chimkey and Noblett placed Plaintiff face down on the floor of Module E.
17. Plaintiff stopped resisting after being placed on the floor.
18. Clark and another officer helped Plaintiff to his feet.
19. Plaintiff was questioned by Sergeant Fisher and reported that he was unhurt and did not need medical attention.
20. Plaintiff did not seek medical attention for any neck or back injuries after December 23, 2005.
21. Chimkey and Noblett, along with Officer Gil, searched Plaintiff's cell after he was moved and found a paper clip with one end sharpened to a point for possible use as a weapon.
22. None of the Defendants grabbed Plaintiff by the neck or slammed Plaintiff to the ground.
23. Chimkey and Noblett wrote incident reports describing what happened.
24. Plaintiff's back injuries were not caused by Defendants but were caused by injuries suffered when Plaintiff was arrested.
25. On January 27, 2006, Plaintiff filed a Citizen's Complaint against Defendants Chimkey and Noblett alleging that he was physical abused and hurt his back.
26. The investigation of Plaintiff's administrative complaint was completed on May 3, 2007.
27. Plaintiff filed the complaint in this action on November 22, 2006.

## II. Discussion

### A. Qualified Immunity

Defendants argue that they are entitled to judgment as a matter of law because they are protected by the doctrine of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The doctrine of qualified immunity balances the need to hold public officials accountable when they exercise power irresponsibly with the competing need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. Id. In determining whether a government official is entitled to qualified immunity, the Court uses a two-pronged approach. The Court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right. Id. at 815-16. The Court must also decide whether the right at issue was clearly established at the time of the defendant's alleged misconduct. Id. at 816 (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Although it is sometimes helpful to determine whether a constitutional right has been violated before determining whether the right was clearly established, it is not mandatory for the Court to perform the qualified immunity analysis in that order. Id. at 818.

The undisputed facts, as established by the admissions taken as true by operation of Rule 36 and the declarations provided by Defendants and uncontroverted by any evidence presented by Plaintiff, show that there was no violation of Plaintiff's constitutional rights. Plaintiff's complaint claims that his rights under the Eighth Amendment rights were violated by Defendants' use of excessive force. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting

1  Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious"
2  is met where the prison official's act or omission results in the denial of "the minimal civilized
3  measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The
4  subjective requirement that the prison official has a "sufficiently culpable state of mind" is met
5  where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting
6  Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she
7  "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official
8  must both be aware of facts from which the inference could be drawn that a substantial risk of
9  serious harm exists, and he must also draw the inference." Id.

10      Where prison officials are accused of using excessive physical force, the issue is "'whether
11  force was applied in a good-faith effort to maintain or restore discipline, or maliciously and
12  sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers,
13  475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of
14  force, the relationship between the need and the amount of force that was used and the extent of the
15  injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat
16  to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis
17  of the facts known to them, and any efforts made to temper the severity of a forceful response. Id.
18  The infliction of pain in the course of a prison security measure "does not amount to cruel and
19  unusual punishment simply because it may appear in retrospect that the degree of force authorized
20  or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be
21  accorded wide-ranging deference in the adoption and execution of policies and practices that in their
22  judgment are needed to preserve internal order and discipline and to maintain institutional security."
23  Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

24      The undisputed facts show that there was no objective, "sufficiently serious" deprivation, and
25  there was no deliberate indifference by Defendants. Plaintiff had a history of dangerousness and was
26  housed in an area of the prison reserved for prison rule-breakers. During the incident in question,
27  Plaintiff disobeyed orders given by Defendants and smelled of alcohol. Defendants had reason to
28  search Plaintiff's cell for contraband because he smelled of alcohol and because there was extran

clothing and linen in Plaintiff's cell which Plaintiff was not allowed to have. Plaintiff refused orders to step aside so his cell could be searched and Defendants used physical force to taken Plaintiff to the ground. Plaintiff did not sustain any significant injuries from Defendants' use of force. The undisputed facts show that the use of force was a good faith response to Plaintiff's refusal to obey orders and the amount of force used was reasonable compared to the need for the use of force. The facts show that Defendants did not violate Plaintiff's constitutional rights. Therefore, the Court finds that Defendants are entitled to qualified immunity and recommends that their motion for summary judgment be granted.

### B. Failure to Exhaust

Defendants also argue that they are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a). Because the Court finds that Defendants are entitled to qualified immunity, the Court will decline to address Defendants' argument that Plaintiff failed to exhaust his administrative remedies.[1]

### III. Conclusion and Recommendation

The Court finds that the undisputed facts show that Defendants did not violate Plaintiff's constitutional rights. Because Defendants' actions did not violate Plaintiff's constitutional rights, Defendants are entitled to qualified immunity.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment, filed August 24, 2009, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

---

[1] However, the Court notes that on March 5, 2009, the Court issued a Discovery/Scheduling Order that gave Defendants a deadline of May 4, 2009 to file a motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies. (Discovery Order / Scheduling Order 2:15-17.) Defendants filed their motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies on August 24, 2009, well past the May 4, 2009 deadline.

7

1 | specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
2 | 1153 (9th Cir. 1991).

4 | IT IS SO ORDERED.

5 | **Dated:   January 21, 2010**                              /s/ Sandra M. Snyder
                                                       UNITED STATES MAGISTRATE JUDGE